UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN THE MATTER OF THE TAX INDEBTEDNESS OF:<br><br>Steven Wayne Dankers<br>35940 215th Avenue<br>Goodhue, MN 55027<br><br>COUNTY OF HENNEPIN<br>STATE OF MINNESOTA | )<br>)<br>)  No. 16-mj-111 JSM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF REVENUE OFFICER CRYSTAL HOSFIELD

I, CRYSTAL HOSFIELD, having first been duly sworn, state as follows:

1. I am a Revenue officer employed in the Midwest Compliance Area of the Small Business/Self-Employed Division of the Internal Revenue Service, at 1550 American Boulevard East, Bloomington, Minnesota.

2. My knowledge of the facts in this affidavit is derived from my discussions with other law enforcement officers, my review of reports and other written materials, my own personal investigation, and my experience and training.

3. As a Revenue Officer, I have the duty and authority to collect federal taxes by seizure and sale under the provisions of section 6331 of the Internal Revenue Code (26 U.S.C.).

4. The taxpayer, Steven Wayne Dankers (hereinafter "Dankers" or the "taxpayer"), is a farmer who has incurred federal tax liability as a result of his sole-proprietorship trucking business.

SCANNED
MAR 0 9 2016
U.S. DISTRICT COURT ST. PAUL

5. Assessments of tax, penalty, and interest have been made against Steven W. Dankers for the income (Form 1040) tax periods ending 12/31/2003, 12/31/2005, 12/31/2010, 12/31/2012 and employment (Form 941) tax periods ending 09/30/2011, 12/31/2011, 03/31/2012, 06/30/2012, 09/30/2012, 12/31/2012, 03/31/2013 as well as unemployment (Form 940) tax periods ending 12/31/2011 and 12/31/2012 in the amounts of $10,301.66, $2,456.79, $1,827.66, $15,351.12, $1,787.54, $3,795.99, $3,304.43, $5,009.99, $6,866.65, $10,040.62, $9,550.31, $1,766.18 and $1,085.15. Notice and demand were made on 10/03/2005, 05/29/2006, 12/19/2011, 02/27/2012, 06/18/2012, 11/05/2012, 11/19/2012, 05/13/2013, and 06/24/2013, pursuant to Sections 6201, 6203, and 6303 of the Internal Revenue Code.

6. Dankers has neglected or refused to pay the full amount of the tax assessed within ten (10) days after notice and demand for payment, and this neglect or refusal continues.

7. There is now due and owing and unpaid with respect to such tax, penalty, and interest, an amount of $101,380.34 computed through February 23rd, 2016. These amounts include statutory additions.

8. By reason of the taxpayer's neglect and failure to pay such tax within ten (10) days after notice and demand, a levy may be made on all property and rights to property belonging to the taxpayer or to which the federal tax lien attaches.

9. The taxpayer resides in a home owned by his mother, Margaret Dankers, at 35940 215th Avenue, Goodhue, MN 55027.

10. A notice of intention to levy along with Collection Due Process rights, required by section 6331(d) of the Internal Revenue Code, was provided to the taxpayer by certified mail to the taxpayer's last known address on 08/12/2006, 12/18/2008, 11/26/2014, 08/17/2012, 03/11/2013. A notice of intention to levy along with Collection Due Process rights, required by section 6331(d) of the Internal Revenue Code, was left at the taxpayer's last place of abode on 11/06/2014. The taxpayer did not exercise his Collection Due Process rights on for any of the notices of intention to levy that were issued to him

11. Notices of Federal Tax Lien were filed with the Goodhue County Recorder's office on 09/07/2012, 03/22/2013, 06/24/2013, 07/22/2014 and 12/15/2014.

12. Assets to be seized are farming equipment, including Case IH 2366 Combine (serial no. JJC0252924, a Harvestec 4306C Corn Head, a John Deere 4650 Tractor (serial no. P008535), a JD 8640 Tractor, a AC 7010 Tractor, an IH Easy Rider Spreader/Fertilizer, an EZ Trail grain cart (serial no. EGC58002011950193), White Field Boss Tractor (serial no. 299522-415) and a New Holland skid steer, as well as other miscellaneous farming equipment such as corn and grain bins. These assets are stored in two different barns located at 20690 370th Avenue, Goodhue, Minnesota. On 5/12/15, the Taxpayer provided the IRS a list of this farm equipment and stated that his farm equipment is always stored at

his Mother's property. Mr. Danker's ownership of this equipment is also demonstrated by his depreciation of the equipment on his tax return.

13. 20690 370th Ave is a rural farmstead located on 170 acres of farmland owned by the taxpayer's mother, Margaret Dankers. The farmstead includes one large pole barn, another small barn, and a personal residence. IRS only seeks access to enter the two barns, and not the personal residence, in order to seize assets owned by the taxpayer.

14. Ownership of the assets to be seized was verified by financial information provided by the taxpayer and by checking Minnesota Secretary of State's Office to confirm there are no financing statements that encumber the assets in question. The IRS estimates that the taxpayer's equity in the property is approximately $79,260. This takes into consideration (5) intervening State Tax Liens.

15. On 05/12/15, the taxpayer advised the IRS Revenue Office Cheryl Bird that the assets to be seized are always stored in the red pole barn behind his mother's home. He provided copies of the financial statements he provided to the bank, describing the equipment, along with a copy of the appraisal of the equipment that was required by the bank. The taxpayer has also depreciated the property in question on his personal income tax return.

16. On 08/07/2015, the taxpayer's cousin, Bruce Dankers, confirmed that the taxpayer's farm machinery described above is stored in Margaret Dankers' large red barn. On 01/29/16, IRS Revenue Officer Cheryl Bird drove by Margaret

Dankers' farmstead and was able to view one gravity box grain bin parked outside of the pole barn.

17. The Taxpayer's cousin, Bruce Dankers, informed the IRS that Mr. Dankers is experienced in diversion tactics to put his assets beyond the reach of the Government and other creditors. For example, the home in which he lives is owned by his Mother, he enjoys the benefit and control of the home as well as pays all of the mortgage and related expenses. There is no distrainable equity in this home. When he sells his crop at harvest time, he has been known to put other people's names, including his minor children, on the Bill of Lading.

18. In an effort to obtain consent to enter Margaret Dankers' barns without the need for a court order, Revenue Officer Cheryl Bird asked Margaret Dankers on February 23, 2016 if she would provide consent for the IRS to enter the barns, but she would not agree.

19. Although not a title holder to the property, the IRS learned from a Vice President of Security State Bank that Margaret Dankers has a vested interest in this farming operating in that she has leveraged her real estate in order to support it. The equipment to be seized is used to farm her land. She benefits from the crop production, as a portion of the revenue is used to pay her mortgage.

20. Seizure is the only remaining viable solution to collect the amounts owed to the United States. Alternative remedies including third-party levies have been attempted without success.

21. Attached as **Attachment A** is an Order For Entry Data Sheet, which includes details regarding the unpaid tax liability of Steven W. Dankers.

*[signature]*
Crystal Hosfield
Revenue Officer
Internal Revenue Service

Sworn and subscribed before me
on this the 23rd day of February, 2016.

*[signature]*
The Honorable Janie S. Mayeron
United States Magistrate Judge

# ORDER FOR ENTRY DATA SHEET

Date: 2/23/2016
Requestor: CRYSTAL HOSFIELD
1550 American Blvd E Suite 500
Bloomington, MN 55425
(651)726-1437

Taxpayer: STEVEN W. DANKERS
35940 215TH Avenue
Goodhue, MN 55027
SSN: 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
EIN: 41-1766984 (sole proprietorship)

1.

| Type(s)/ Period(s) of Tax Assessed | Assessment/ First Notice Date | Unpaid Balance of Assessment | Balance of Assessment Plus Accruals | Final Notice Date |
|---|---|---|---|---|
| 1040  2003 | 10/03/2005 | $10,301.66 | $18,791.59 | 08/12/2006 |
| 1040  2005 | 05/29/2006 | $2,456.79 | $3,829.77 | 12/18/2008 |
| 1040  2010 | 11/05/2012 | $1,827.66 | $2,226.08 | 11/26/2014 |
| 1040  2012 | 06/24/2013 | $15,351.12 | $19,223.10 | 11/26/2014 |
| 941  201109 | 12/19/2011 | $1,787.54 | $2,548.39 | 08/17/2012 |
| 941  201112 | 02/27/2012 | $3,795.99 | $5,172.53 | 08/17/2012 |
| 941  201203 | 06/18/2012 | $3,304.43 | $4,345.97 | 08/17/2012 |
| 941  201206 | 11/19/2012 | $5,009.99 | $6,369.20 | 03/11/2013 |
| 941  201209 | 05/13/2013 | $6,866.65 | $8,439.69 | 11/06/2014 |
| 941  201212 | 05/13/2013 | $10,040.62 | $13,079.80 | 11/06/2014 |
| 941  201303 | 06/24/2013 | $9,550.31 | $11,770.25 | 11/06/2014 |
| 940  201112 | 05/13/2013 | $1,766.18 | $2,135.24 | 11/06/2014 |
| 940  201212 | 05/13/2013 | $1,085.15 | $1,651.02 | 11/06/2014 |

All Notice of Federal Tax Liens were filed in Goodhue County, MN

2. **Whether Consent Requested/Refused:**
The property to be seized is located on the taxpayer's Mother's property. Consent will need to come from Margaret Dankers. Consent will be requested from Margaret on the same day as the hearing is scheduled for a Writ of Entry. If consent is granted, hearing will be cancelled. If consent is denied, or Margaret is not home, the writ request will proceed, while IRS employees remain near the property. If Mrs. Dankers were alerted to the imminent seizure, there is a strong likelihood that the property will be put beyond the reach of the Government. Although not a title holder to the property, Margaret Dankers has a vested interest in this farming operating in that she has leveraged her real estate in order to support it. The equipment to be seized is used to farm her land. She benefits from the crop production, as a portion of the revenue is used to pay her mortgage. This is a very tight knit farming community. Taxpayer has uncles and cousins in the immediate area that have storage facilities available, where the assets could be moved and concealed. Third party testimony has found that Mr. Dankers is experienced in diversion tactics to put his assets beyond the reach of the Government and other creditors. For example, the home in which he lives is owned by his Mother, he enjoys the benefit and control of the home as well as pays all the mortgage and related expenses. There is no distrainable equity in this home. When he sells his crop at harvest time, he has been known to put other people's

names, including his minor children, on the Bill of Lading. One of his estranged cousins, Bruce Dankers, describes Steven as "shifty".

3. **Description of Premises:**
20690 370th Avenue is a rural farmstead located on 170 acres of farmland. There is one large pole barn behind the home and another at least one other small barn.

4. **Owner of Premises:**
Margaret I. Dankers.

5. **General Description of Property:**
Farming equipment including but not limited to a combine and tractors.

6. **Knowledge of Property's Existence:**
On 05/12/15, in an interview with Steven Dankers, he advised the Revenue Officer Cheryl Bird that the property is always stored in the red pole barn behind his Mother's home. He provided Bird with copies of the financial statements he provided to the bank, describing the equipment, along with a copy of the appraisal of the equipment, that was required by the bank. Mr. Dankers has also depreciated the property in question on his personal income tax return. On 08/07/2015, Bruce Dankers confirmed that Steven's farm machinery is stored in Margaret Dankers' large red barn. On 10/07/15, Bird drove by Margaret Dankers' farmstead and viewed a gravity box and an auger parked outside the barn.

7. **Taxpayer's Equity in Property:**
Equity in property has been deemed to be $79,260. This takes into consideration (5) intervening State Tax Liens.

8. **Lien Filing Information:**

| Tax and Periods | Lien recorded | Recording Number |
|---|---|---|
| 1040  2003, 2005, 2010, 2012 | 12/15/2014 | 618778 |
| 941  09/30/2011, 12/31/2011 03/31/2012 | 09/07/2012 | 597978 |
| 941  03/20/2013 | 03/22/2013 | 603900 |
| 940  12/31/2011, 12/31/2012 | | |
| 941  09/30/2012, 12/31/2012 | 06/24/2013 | 606440 |
| 941  03/31/2013 | 07/22/2013 | 607227 |

9. **Summary of Collection Actions**

Taxpayer's case reissued for collection after he defaulted an installment agreement. Taxpayer did not respond to initial attempts to contact him. Levies to past customers collected no funds. Levies to a few banks reaped a mere $83.33. Mr. Dankers did not respond to the revenue officer until a summons was issued for a collection information statement. He was advised at the summons meeting that he needed to pursue a loan to full pay the tax delinquency or seizure of equipment would be pursued. No other distrainable assets or stream of revenue has been uncovered in the investigation.

By: _____
CRYSTAL HOSFIELD
REVENUE OFFICER

Date: 2/23/14